No. 3787.—MARY AND MATILDA BYNUM *v.* SMITH GORDON, Executor of of G. M. LONG—CONSOLIDATED ASSOCIATION OF PLANTERS OF LOUISIANA, Intervenors.

A judgment which is not signed by the judge *a quo* can not be made the basis of a plea of prescription. The rendering of judgment for the amount due and on terms to meet the other installments not yet due, does not merge the unmatured installments in the judgment, and, therefore, such a judgment can not be made the basis of prescription, to commence from its date.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn J. *W. A. Seay, R. J. Bowman* and *M. Ryan,* for plaintiffs. *A. N. Ogden,* for defendant. *T. C. Manning,* for intervenors and appellants.

HOWELL, J. In this proceeding the district court rendered a judgment in favor of the intervenors for the sums claimed, with a first mortgage on twelve hundred and seventy-three arpents of land, and in favor of the plaintiffs for a part of their claim, with second mortgage on the above land and a first mortgage on two smaller tracts. From the judgment in favor of the intervenors the plaintiffs have appealed. The ground of their complaint is, that the district court refused to sustain their plea of prescription against the judgment of intervenors rendered in 1851.

A certified copy of this judgment is in the record, unsigned, and can not therefore. well be taken as a basis for the prescription interposed; but considering it a final judgment, it can not be a barrier to the intervenors' demand in this action because not revived; for it only passed definitely on so much of their claim as was then due, and directed the sale of the mortgaged property to pay the amount decreed

to be due, and on terms to meet subsequent installments as they became due. And it is shown and admitted that the installments then due, in May, 1851, and all the installments down to 1858 inclusive, and a part of the one due in 1859, have been paid. The demand in this proceeding is for the installments due from the last date to 1865 inclusive, being the balance of an original stock loan made in 1842 by the intervenors to the plaintiffs' mother, long prior to the origin of their claim. Each installment thereof and of the contribution obligations, originating in 1848, claimed also herein, became exigible as it fell due and not before, and the recognition, in the judgment of 1851, of these series of installments falling due in the future, did not and could not merge them in the said judgment, and the question of its prescription does not arise. As well might it be said that a judgment on one of a series of mortgage notes held by one party, with an order to sell the property for cash to pay it, and on terms to meet the others in the hands of other and unknown parties, would merge the latter in the judgment by prescription or otherwise, and preclude the holders thereof from suing on them when they become due. According to plaintiffs' theory a part of the intervenors' claims would be prescribed before it becomes due. Such an application of the law of prescription is not admissible.

But admit that the judgment of May, 1851, condemning the defendant therein to pay the sum decreed to be due, and ordering the property to be sold, is prescribed, it does not affect the intervenors' right to enforce the payment of the sums which have fallen due since 1858. The allegations of their petitions here do not make that judgment the basis of their action.

We find no error in the judgment to the prejudice of the plaintiffs in this respect. It is unnecessary to examine the other questions presented in argument.

Judgment affirmed.